UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-20140-CR-ALTMAN

UNITED STATES OF AMERICA

v.

OKEZIE BONAVENTURE OGBATA,
   a/k/a "Bona,"

                        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, Consumer Protection Branch (hereinafter referred to as the "government") and **OKEZIE BONAVENTURE OGBATA** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to **Count One** of the Indictment pending against him in the above-captioned matter (hereinafter referred to as the Indictment), which charges the defendant with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. The defendant acknowledges that he has read the charges against him contained in the Indictment and that those charges have been fully explained to him by his attorney. The government agrees to seek dismissal of all remaining Counts of the Indictment, as to this defendant, after sentencing.

Defendant's Initials _____

2. The defendant agrees to the Factual Proffer attached to this plea agreement and submits it to the Court in support of his guilty plea and as evidence of his guilt in this case.

3. The defendant is aware that his sentence on Count One will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

Defendant's Initials: [initials]

2

4. The defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years in prison for Count One of the Indictment (conspiracy to commit mail fraud and wire fraud pursuant to 18 U.S.C. § 1349), followed by a maximum of up to 3 years of supervised release (18 U.S.C. § 3583(b)(2)). The defendant also understands and acknowledges that, for Count One, the Court may impose a fine of up to $250,000 or twice the gross loss or gain as a result of the defendant's offense, whichever is greater (18 U.S.C. § 3571(b)(3) and (d)), and shall order restitution to the victims (18 U.S.C. § 3663A). The defendant further agrees that restitution for Count One is not limited to his specific acts set forth in the Indictment.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the government further reserves the right to make any recommendation as to the quality and quantity of punishment.

Defendant's Initials [initials]

3

7. The government agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The government further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The government, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) makes any statement or takes any action inconsistent with acceptance of responsibility for his criminal conduct.

Defendant's Initials _[initials]_          4

8. The government and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. Base offense level: That the base offense level is 7 under Section 2B1.1(a)(1) of the Sentencing Guidelines.

b. Loss: That the relevant amount of actual, probable, or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is more than $3,500,000, but not more than $9,500,000, resulting in an offense level increase of 18 under 2B1.1(b)(1)(J) of the Sentencing Guidelines.

c. Number of victims: That the offense involved 10 or more victims, resulting in an offense level increase of 2 under Section 2B1.1(b)(2)(A) of the Sentencing Guidelines.

d. Location of Substantial Part of the Scheme Outside the United States: That a substantial part of the fraudulent scheme was committed from outside the United States, resulting in an offense level increase of 2 under Section 2B1.1(b)(10)(B).

e. Vulnerable Victims: That the defendant knew or should have known that a victim of the offense was a vulnerable victim, and that the offense involved a large number of vulnerable victims, resulting in an increase of 4 offense levels under Sections 3A1.1(b)(1) and (2).

f. Overall guideline range: That the applicable guideline range under all of the circumstances of the offense committed by the defendant, before consideration of acceptance of responsibility under paragraph 7, is Level 33.

9. The defendant agrees that he shall cooperate fully with the government by: (a) providing truthful and complete information and testimony, and producing documents, records and

Defendant's Initials _____

5

other evidence, when called upon by the government, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the government; and (c) if requested by the government, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. The government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the government, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the government may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the government to file any such motions, and that the government's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the government's filing or non-filing of a motion to reduce sentence.

Defendant's Initials _____ 6

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by the defendant and the government.

13. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s), in violation of Title 18, United States Code, Section 1349, to which the defendant is pleading guilty, pursuant to Title 18, United States Code, Section 981(a)(1)(C). In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

Defendant's Initials _____    7

14.     The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

15.     The defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

16.     The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that

Defendant's Initials           8

the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

17. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the government, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

18. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

Defendant's Initials 

9

Indeed, because the defendant is pleading guilty to conspiracy to commit mail fraud and wire fraud, removal is presumptively mandatory.

19. This is the entire agreement and understanding between the government and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 1/10/25

By: *[signature]*

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

PHIL TOOMAJIAN
SENIOR TRIAL ATTORNEY
JOSHUA D. ROTHMAN
TRIAL ATTORNEY
BRIANNA GARDNER
TRIAL ATTORNEY
U.S. DEPARMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

Date: 1/10/25

By: *[signature]*

JORDAN M. LEWIN
ATTORNEY FOR DEFENDANT

Date: 10-1-25

By: *[signature]*

OKEZIE BONAVENTURE OGBATA
DEFENDANT

Defendant's Initials *[initials]*

10